CHARLES F. PIERCE

v.

A. J. DE LONG.

*Negotiable Instruments—Note—Defense of Forgery—Evidence as to Genuineness.*

Under the law of this State, upon the question of the genuineness of the signature to a promissory note sued on, a witness who has never seen the defendant write, but who has examined the signature to the note sued on and a signature admittedly genuine, can not testify as to his opinion of the genuineness of the signature in question.

[Opinion filed December 12, 1892.]

`APPEAL from the Circuit Court of Iroquois County; the Hon. C. R. STARR, Judge, presiding.

Mr. C. W. RAYMOND, for appellant.

Messrs. PAYSON & OREBAUGH, for appellee.

MR. JUSTICE HARKER.   This was a suit upon a promissory note assigned to appellee before maturity.   Appellant filed an affidavit denying the execution of the note, and the only issue submitted to the jury was whether it was a forgery. To contravene the testimony of a number of witnesses that they had seen appellant write frequently and that in their opinion the signature to the note was not his, the court permitted, against the objection of appellant, witnesses who had never seen him write, but who had examined the signature to the note and the signature to an application for insurance admitted to be genuine, to testify that in their opinions the same persons signed both instruments.   This was error.   Whatever may be the rule elsewhere, it is settled in Illinois that the genuineness of a signature can not be proven by that mode.   Jumperty v. The People, 21 Ill. 374; Kernin v. Hill, 37 Ill. 209.

*Reversed and remanded.*